# Exhibit A

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
STATE OF ILLINOIS, COUNTY OF WINNEBAGO

| | |
|---|---|
| STEWART DAVIES,<br>　　　　Petitioner,<br><br>　vs.<br><br>LOANCARE LLC,<br>　　　　Respondent. | Case No. 2020L180 |

## SUMMONS

To each Respondent: LOANCARE LLC, 3637 Sentara Way, Virginia Beach, Virginia, 23452.

You are hereby summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of this court, 400 West State Street, Rockford, Illinois, within 30 days after service of this summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:　　CMC:8/6/20@9AM rm 426

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the day of appearance. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days before the day for appearance

DATE: 5/7/2020

Thomas A. Klein, Clerk of Court
BY: JP
Deputy Clerk

Electronically Issued Document ID: _____

20
lant

or other person).

Pro Legal Care LLC
Zachary Townsend #6307195
401 W State St Suite 201
Rockford, IL 61101
zt@prolegalcare.com
(815) 200-8802

LOANCARE
A SERVICELINK COMPANY

Received from Donald Skinner
w/ Beach Resources 5/11/20 11:12AM
757-309-3319

cc - Jennifer, Bernie, Mike O'Connor

**ELECTRONICALLY FILED**
DOC ID: 9207433
CASE NO: 2020-L-0000180
DATE: 5/6/2020 3:42 PM
BY: J P, DEPUTY

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
STATE OF ILLINOIS, COUNTY OF WINNEBAGO

STEWART DAVIES,

Petitioner,

vs.

LOANCARE LLC,

Respondent.

Case No. 2020L2020-L-0000180

## COMPLAINT

NOW COMES the Petitioner, Stewart Davies, by and through Pro Legal Care LLC, and pursuant to the Americans with Disabilities Act, the laws of contract, and in reliance on other relevant legal authority, and in support of this Complaint states as follows:

### FACTS COMMON TO ALL COUNTS:

1. The Petitioner is Stewart Davies, a disabled veteran residing in the State of Illinois.

2. The Respondent is LoanCare LLC, a corporation doing business and with a substantial presence in the State of Illinois.

3. The Petitioner is a homeowner with a home mortgage loan to which the Respondent is the Loan Servicer and Note Holder.

4. Such loan originated on or around January 12, 2018 as a VA home loan by and between the Petitioner and the lender American Financial Network, Inc., a California Corporation.

5. Under the terms of the home mortgage VA loan, the Note or a partial interest in the Note (together with the Security Instrument) could be sold one or more times without prior notice to Borrower, which may result in a change in the entity known as the "Loan Servicer" that collected Periodic Payments due under the Note and Instrument, and Applicable Law.

6. Upon information and belief, the Respondent became the Loan Servicer of the loan on or around 2018 as a subservicing agency of Lakeview Loan Servicing LLC.

7. The Petitioner and Respondent are both parties with one another to a contractual loan agreement, directly or by agency, through the mortgage connected to 9111 Ballard Road, Crystal Lake, Illinois 60014.

8. Pursuant to the contractual loan agreement of the Petitioner and the Lender the Petitioner is required to pay the Respondent certain sums of money as and for monthly mortgage payments for the residence.

9. The Petitioner has met the Petitioner's obligations pursuant to the contract loan agreement with the Respondent and the Lender.

10. Notwithstanding the Petitioner's satisfaction of obligations pursuant to the contractual loan agreement with the Respondent or its principle, the Respondent has sent repeated harassing mailings to the Petitioner that falsely allege that Petitioner has failed to make payments pursuant to the loan agreement.

11. The Petitioner has sent multiple letters to the Respondent in an effort to resolve the disputed issues of the parties without the necessity of litigation.

## COUNT I: BREACH OF CONTRACT

12. The Petitioner provided the Respondent payments pursuant to the parties' contractual agreement.

13. The Respondent is the servicer of a home loan, on which the Petitioner is the debtor.

14. The Petitioner has been prohibited by the Respondent of the opportunity to participate in certain electronic payment methods even after requesting such opportunity.

15. The Petitioner has had to endure the hardship of placing cashier's checks or money orders in the mail to the Respondent.

16. Notwithstanding the Petitioner mailing payments as required due to Respondent's policies, the Respondent has refused to credit multiple payments Petitioner has provided to Respondent.

17. The Petitioner mailed payments to the Respondent monthly on a timely basis as and for the Petitioner's monthly mortgage payments.

18. After the Petitioner provided the payments by mail to the Respondent per the loan agreement, the Respondent failed and refused to acknowledge the payments made by the Petitioner.

19. The Petitioner's account with the Respondent remained uncredited, and delinquency notices followed, as a result of the Respondent's failure to credit Petitioner's account for payments provided.

20. The Petitioner sent letters to the Respondent by way of counsel, addressing the Respondent's failure to credit the Petitioner's account and requesting the Respondent correct the error.

21. The Respondent's failure to correct the error and credit the Petitioner's account was willful, caused the Petitioner's credit to be damaged, and remains as a non-paid item on Petitioner's account.

22. Upon information and belief, the Respondent intentionally refused to credit or acknowledge actual payments made by the Petitioner in order to damage the Petitioner's creditworthiness, causing the Petitioner to be unable to seek financing from a different lender.

## COUNT II: VIOLATION OF AMERICANS WITH DISABILITIES ACT

23. The Respondent is a business providing services to the Petitioner, and the Respondent is a consumer of the services provided by the Petitioner.

24. The Respondent provides services in the industry of mortgage repayments and home lending; therefore, the Respondent is a bank and a public accommodation pursuant to the Americans with Disabilities Act (hereafter, "ADA").

25. Respondent's refusal to accommodate to the Petitioner's disability constitutes discrimination pursuant to the ADA.

26. The Petitioner is a disabled veteran that suffers from a multitude of disabilities, including a trauma and stressor related disorder stemming from prior instances of identity theft.

27. The Petitioner has been denied participation in services provided by the Respondent.

28. While the general population of Respondent's customer base can make payments electronically, the Petitioner is unable to do so due to the Petitioner's disability.

29. The Petitioner's disability restricts the Petitioner from being able to make payments to Respondent through an ACH payment method.

30. The Petitioner has requested accommodations for the purposes of alternate payment methods to be given the opportunity to make monthly mortgage payments, specifically by way of debit card payments, but the Respondent refused to make any adjustments due to the Petitioner's disability.

31. Further, the Respondent's denial of the Petitioner's request to utilize debit card payments to satisfy Petitioner's loan obligation constitutes a denial of Petitioner's opportunity to

participate in electronic payments that Respondent extends to the general population customer base.

32. The use of debit card payment methods is an accommodation that the Petitioner is entitled to and the Respondent is required to provide to the Petitioner pursuant to the ADA.

33. The Petitioner's request was, and remains, the opportunity to remit payments electronically by way of debit card. In willful ignorance of the Petitioner's disability, the Respondent has indicated a belief that the use of ACH payments would be synonymous.

34. The accommodation to which the Petitioner is entitled would not result in an undue burden on the Respondent, nor would the aid result in a fundamental alteration in the nature of the goods or services provided.

WHEREFORE, the Petitioner, Stewart Davies, requests that this Court:

A. Require the Respondent to provide the Petitioner accommodations to allow the Petitioner to make electronic payments despite Petitioner's disability, namely, to permit the Petitioner to make monthly payments through the use of debit card;

B. Require Petitioner to pay compensation for Respondent's pain and suffering and for actual financial injuries sustained by the Petitioner due to the Respondent's failure to accommodate to Petitioner's' disability, specifically in the amount of $25,000.00;

C. Require the Respondent to pay punitive damages for Respondent's willful conduct to harm the Petitioner due to the Petitioner's disability, specifically in the amount of $100,000.00;

D. Require the Respondent to credit the payments made by the Petitioner on Petitioner's account with Respondent, or, in the alternative, compensate the Petitioner's payments made and provide compensation in the amount of $15,000.00;

E. Require the Respondent to pay for Petitioner's attorney's fees incurred as a result of this action; and

F. Grant any other relief that is fair and appropriate and just.

Stewart Davies, Petitioner

Prepared By: _____
Zachary Townsend,
One of the Attorneys for Petitioner

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

*Stewart Davies*, Petitioner

Pro Legal Care LLC
Zachary Townsend #6307195
401 W State St Suite 201
Rockford, IL 61101
zt@prolegalcare.com
(815) 200-8802